Filed 10/14/14  P. v. Pautov CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>VIKTOR PAUTOV,<br><br>        Defendant and Appellant. | C074705<br><br>(Super. Ct. No. 12F07627) |

On November 10, 2012, Sacramento Police Officer Konrad VonSchoech and his partner Officer Sara Butler were on patrol in uniform in their marked patrol car.  Around 10:15 a.m., Officer VonSchoech saw a white BMW sport utility vehicle (SUV) cross over the double yellow line into oncoming traffic, speed past the vehicles stopped at a red light, and go through the intersection.  Officer VonSchoech followed the SUV, activating the patrol car's forward-facing red lights and chirping the siren.  The SUV stopped in the middle of the road for a few seconds.  Officer Butler then used the patrol car's loudspeaker to order the driver to stop, turn off the SUV, and put his hands up.  The driver, later identified as defendant, looked into the SUV's rear-facing mirrors.  He appeared to be panicked.

1

Defendant started driving again; the officers followed with sirens and lights fully activated. During the pursuit, defendant drove 70 to 100 miles per hour on city streets, almost collided with several vehicles, and failed to stop at stop signs. Officer VonSchoech could not keep up with defendant, who demonstrated remarkable high speed driving ability.

Sacramento Police Officer Raul Becerra went to the area where defendant was last seen. Bystanders pointed him toward a group of men who appeared to be working on two cars with open hoods. He asked where the BMW had gone; defendant, who was the only one in the group without warm clothing, was sweating, breathing heavily, and avoiding attention.

Officer Becerra detained defendant as the suspected driver. Keys found in defendant's pocket operated an abandoned BMW SUV found in a nearby drainage canal. The SUV's airbags had deployed and the vehicle sustained exterior damage. The canal's fence and gate were also damaged.

When questioned by Officer VonSchoech, defendant gave evasive answers. His blood tested positive for methamphetamine and marijuana.

In August 2007, California Highway Patrol Officer Michael Zerfas pursued defendant in a high speed chase after seeing defendant's vehicle exceed the speed limit. Officer Zerfas was in full uniform and driving a marked patrol car. During the chase, defendant exceeded the speed limit, drove erratically, and drove the wrong way on the freeway before losing control and crashing into a wooden fence by a park. Defendant's car faced Officer Zerfas's patrol car after the crash; defendant then accelerated and rammed the patrol car about 10 feet back before defendant shifted into reverse, made a U-turn, and drove off. Another officer rammed defendant's car, immobilizing it. Defendant tried to flee on foot, but was apprehended.

Testifying on his own behalf, defendant claimed he was using methamphetamine and marijuana before driving the BMW SUV. Methamphetamine made him paranoid,

impaired his judgment, and made his mind play tricks. He picked up a hitchhiker in the morning before the pursuit. Defendant smoked marijuana and methamphetamine with him. He was suspicious of the hitchhiker, and, when defendant missed the turn to the hitchhiker's sister's house, the hitchhiker became suspicious of him. The hitchhiker grabbed defendant's throat and threatened to break his neck. He then got out, walked to the front of the SUV, opened the driver's door, and reached inside for defendant. Defendant drove off scared, and with the police soon in pursuit.

Under the effects of the drugs during the pursuit, defendant did not know why he did not stop at once. He only remembered some events during the pursuit, like being concerned over whether the hitchhiker knew where he worked. He admitted sustaining a conviction for felony assault on a police officer as a result of the 2007 chase.

A jury convicted defendant of evading a peace officer with willful and wanton disregard for the safety of others and property. (Veh. Code, § 2800.2, subd. (a).) The trial court sustained strike and prior prison term allegations (Pen. Code, §§ 667.5, subd. (b), 667, subds. (b)-(i), 1170.12) and denied defendant's *Romero* motion.[1] The court sentenced defendant to seven years in state prison, imposed various fines and fees, and awarded 588 days of presentence credits (294 actual & 294 conduct).

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


    BLEASE      , Acting P. J.


We concur:


    BUTZ      , J.


    MAURO      , J.